and it appeared only for the specific purpose of objecting to the jurisdiction of the justice, who overruled the objections urged, and rendered the judgment in favor of the plaintiff from which the appeal is taken.

Notwithstanding the power now possessed by district courts to open defaults and vacate judgments, an appeal lies to this court from a judgment by default where there was no personal service of process. Code, § 3046; Tracy v. Shannon (Com. Pl.) 3 N. Y. Supp. 245; Hurry v. Coffin, 11 Daly, 180, 2 Civ. Proc. R. 319; Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Pultz v. Diossy, 53 How. Prac. 270; Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638. The affidavit upon which the attachment was procured, not only alleges that the defendant is a foreign corporation, but that the plaintiff resides in the state of New Jersey: and fails to state that the cause of action arose in this state, or that the contract sued on was made therein, so that jurisdiction might attach if proper process had been issued. Progressive Power Co. v. Wrought-Iron Bridge Co., 14 Misc. Rep. 23, 35 N. Y. Supp. 130. It is clear that the justice, under the circumstances, never acquired jurisdiction to render the judgment appealed from. Where a court authorized by statute to entertain jurisdiction in the particular case, only, undertakes to exercise the power in a case to which the statute has no application, it acquires no jurisdiction, its judgment is a nullity, and it will be so treated when it comes in question, either directly by an appeal or collaterally. Risley v. Bank, 83 N. Y. 318. An appellate court may so far act upon the void determination as to reverse it, with costs of the appeal, and thus restore the parties to the position they originally occupied. McMahon v. Rauhr, 47 N. Y. 67.

It follows that the judgment must be reversed, with costs. All concur.

---

(20 Misc. Rep. 363.)

MARTIN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. May 27, 1897.)

1. RAILROADS—INJURY TO STOCK—INSTRUCTIONS.
  An instruction that it is the duty of railroad companies to fence their tracks is irrelevant in an action for the killing of cattle while going over a highway crossing.

2. SAME—GATES AT HIGHWAY CROSSINGS.
  A railroad company is not chargeable with negligence in not maintaining gates or placing a flagman at a highway crossing, unless required to do so by order of court as provided by 2 Rev. St. (9th Ed.) p. 1270, § 33.

Appeal from Tenth district court.

Action by Christopher Martin against the New York Central & Hudson River Railroad Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

F. Loomis (W. W. Adams, of counsel), for appellant.
Walter Cox, for respondent.

McADAM, J. The plaintiff, a milkman, was the owner of a number of cows which he was driving on a public highway known as the "Kingsbridge Road." This highway crosses the tracks of the defendant's railroad, and at the crossing two of the plaintiff's cows were struck and killed by a train of defendant's cars. The action is to recover the value of the cows, and the jury found for the plaintiff. The justice charged the jury that the statute imposes upon a railroad company the duty of fencing its road with sufficient fences to turn cattle, and further instructed them that, aside from the statute, a railroad passing through a district in the nature of a village was under an implied duty to construct a sufficient obstruction across highways or roads. As the failure to keep up fences was not the proximate cause of the killing of the cows, that portion of the charge relating to fences was irrelevant, and the instruction that the defendant was under a duty to construct obstructions across the highway where the accident occurred was erroneous.

The defendant then requested the court to charge that the posting of flagmen, the placing of gates or other obstructions on the highway, at railroad crossings, or the giving of special or personal notice, was not required by law, and that the omission thereof did not charge the defendant with negligence. The court refused so to charge, and the defendant's counsel excepted. The exception is well taken. The defendant was under no obligation to place or maintain gates at the crossing, or to station a flagman there (Weber v. Railroad Co., 58 N. Y. 451, 459), unless directed so to do by order of the court upon application of the local authorities (2 Rev. St. [9th Ed.] p. 1270, § 33). There is a provision of the statute in regard to "cattle guards," in reference to which Brace v. Railroad Co., 27 N. Y. 269, relied on below, was decided; but these guards are not designed to prevent cattle crossing the tracks of a railroad where it runs over a highway, but to stop cattle from wandering upon the tracks on the line of the railway; so that the principle decided in that case has no material application here. If the justice had submitted the question of negligence to the jury, leaving them to determine it from all the circumstances of the case,—the absence of gates or obstructions, of a flagman, or of warning of any kind; the rate of speed at which the train was going; and the degree of care taken or omitted by the respective parties on this particular occasion,—a question different from the one before us would have been presented. The difficulty is that the binding instruction given and the request declined made the mere omission of certain special precautions in and of itself evidence of negligence against the defendant sufficient to charge it, when it was not necessarily so.

For these reasons the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.